OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 7, 2002

The Honorable Michael A. Stafford
Harris County Attorney
1310 Prairie, Room 940
Houston, Texas 77002

Opinion No. JC-0473

Re: Meaning of "lifetime service credit" for purposes of subchapter D of chapter 41 of the Government Code, which mandates longevity pay for certain assistant prosecutors (RQ-0442-JC)

Dear Mr. Stafford:

You have asked this office two questions concerning the implementation of House Bill 178 as adopted by the Seventy-seventh Legislature, which adds to chapter 41 of the Government Code a subchapter D, concerning longevity pay for assistant prosecutors. Those questions, as your letter phrases them, are "whether 'lifetime service credit' must be earned during a continuous period of employment and whether 'lifetime service credit' earned in one county transfers to another county in the event an assistant prosecutor changes jobs."[1] In answer to your first question, we conclude that no requirement of continuous employment is to be found in the statute. In answer to your second question, it does not appear that the accrual of lifetime service credit is affected by a change in the county employing the prosecutor.

Section 41.252 of the Government Code provides in relevant part:

(a) An assistant prosecutor is entitled to longevity pay to be included in the assistant prosecutor's monthly compensation if the assistant prosecutor:

(1) is a full-time employee on the first workday of the month;

(2) is not on leave without pay on the first workday of the month; and

(3) has accrued at least four years of lifetime service credit not later than the last day of the preceding month.

TEX. GOV'T CODE ANN. § 41.252(a) (Vernon Supp. 2002).

---

[1] Letter from Honorable Michael A. Stafford, Harris County Attorney, to Honorable John Cornyn, Texas Attorney General (Sept. 20, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

Accrual of lifetime service credits is governed by section 41.257 of the Government Code. Section 41.257(a) provides that "[a]n assistant prosecutor accrues lifetime service credit for the period in which the assistant prosecutor serves as a full-time, part-time, or temporary assistant prosecutor." *Id.* § 41.257(a). As you note, section 41.257(b) provides that "[a]n assistant prosecutor who is on leave without pay for an entire calendar month does not accrue lifetime service credit for the month." *Id.* § 41.257(b). Further, section 41.257(c) provides that an assistant prosecutor who simultaneously holds more than one position for which such credit accrues "accrues credit for only one of the positions." *Id.* § 41.257(c). Subsections (b) and (c) of section 41.257 are the only express limitations on the accrual of lifetime service credit in subchapter D.

Given the restriction of section 41.257(b), that "even while an assistant prosecutor is continually employed in one county, he or she may not earn 'lifetime service credit' for every month employed," you ask in effect whether the prior service of an assistant prosecutor who had worked for Harris County for a period of years, then left the county's employ, and later returned, would be counted in determining his or her lifetime service credit. Request Letter, *supra* note 1, at 1-2. In our view, such prior service must be credited.

Pursuant to section 3 of House Bill 178, the subchapter "applies to lifetime service credit accrued under that subchapter *before, on, or after* the effective date of this Act." Act of May 15, 2001, 77th Leg., R.S., ch. 378, §§ 2, 3, 2001 Tex. Sess. Law Serv. 663, 665 (effective date of January 1, 2002) (emphasis added). Accordingly, an assistant prosecutor who served before this subchapter was adopted has "accrue[d] lifetime service credit for the period in which the assistant prosecutor serve[d] as a full-time, part-time, or temporary assistant prosecutor." TEX. GOV'T CODE ANN. § 41.257(a) (Vernon Supp. 2002). The only express restrictions on the accrual of lifetime service credit to be found in subchapter D are those which provide that service credit does not accrue while a prosecutor is on unpaid leave, *id.* § 41.257(b), and that a prosecutor simultaneously employed by multiple counties only accrues credit for one position, *id.* § 41.257(c). Were we to agree that continuous employment was necessary for such accrual, it would be necessary for us in effect to add qualifying terms such as "continuously in a particular county" to section 41.257(a). "[T]his office," as we pointed out in a prior opinion on this subchapter, "has no power to supply such an emendation." Tex. Att'y Gen. Op. No. JC-0438 (2001) at 3.

You further ask "if Harris County were to hire an assistant prosecutor who had accrued 'lifetime service credit' in another county, would Harris County be obligated to pay longevity based on that accrued 'lifetime service credit.'" Request Letter, *supra* note 1, at 2. For the reasons already articulated in answer to your first question, we conclude that Harris County would be so obligated.

Section 41.255(a) provides that "[t]he county *shall pay* a longevity pay supplement under this subchapter out of the county general fund." TEX. GOV'T CODE ANN. § 41.255(a) (Vernon Supp. 2002) (emphasis added). This provision is mandatory, not discretionary. Attorney General Opinion JC-0438, which recently construed this language, specifically held that while section 41.255(d) requires that the state reimburse such payments, "the statute in question requires the county to make this payment whether or not the legislature has appropriated enough for the county to be reimbursed." Tex. Att'y Gen Op. No. JC-0438 (2001) at 1.

Nothing in the statutory language suggests that service credit accrued in one county would be lost should an assistant prosecutor take employment in a different county. The only restriction even akin to this is the requirement in section 41.257(c) that a prosecutor who serves simultaneously in multiple counties may only count service credit accrued in a single county. (The supplement for such a prosecutor is, pursuant to section 41.255(c), to be apportioned among the counties involved on the basis of population.). Nothing in the statute as written suggests that such credit is non-transferable, and accordingly we cannot interpolate such a requirement.

In its discussion of the background and purpose of this legislation, the bill analysis notes:

> In the State of Texas there are approximately 1,600 assistant district attorneys, assistant criminal district attorneys, and assistant county and district attorneys. Many of these prosecutors have more than four years experience in this field. *Although these assistant prosecutors are largely responsible for the enforcement of the state's felony criminal laws in Texas courts, their salaries are paid largely by individual counties. The salaries for experienced prosecutors have failed to keep pace with the salaries available in the private sector for experienced attorneys.* House Bill 178 provides state longevity pay for certain assistant felony prosecutors who have accrued at least four years of lifetime service credit.

HOUSE COMM. ON JUDICIAL AFFAIRS, BILL ANALYSIS, Tex. H.B. 178, 77th Leg., R.S. (2001) (emphasis added). As the emphasized portion of the bill analysis makes clear, the intent of the bill was to offer an incentive for experienced prosecutors to engage in public service. That service is the enforcement of the state's criminal law, a matter of general state-wide concern; and the provision of experienced and competent counsel in this regard is a benefit to the state generally. Nothing in this analysis suggests a distinction based either upon the continuity of that experience or the locale in which it was gained.

## S U M M A R Y

For the purposes of chapter 41, subchapter D of the Texas Government Code, the accrual of lifetime service credit by an assistant prosecutor is not dependent on either the continuity of that service or the county in which it is performed.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee